1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TAMMY R. MOORE,<br>                    Plaintiff,<br>vs.<br>CAROLYN W. COLVIN, ACTING<br>COMMISSIONER OF SOCIAL SECURITY,<br>                    Defendant. | )  Case No. 2:12-cv-01652-APG-CWH<br>)<br>) **FINDINGS AND RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This case involves judicial review of an administrative action by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Tammy Moore's application for supplemental security income pursuant to Title XVI of the Social Security Act. 42 U.S.C. Ch. 7. Before the Court is Plaintiff's Motion for Reversal or Remand (#15)[1], filed on April 8, 2013, the Commissioner's Response (#17), filed on May 8, 2013, and Plaintiff's Reply (#19), filed on May 28, 2013. This action was referred to the undersigned Magistrate Judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

**BACKGROUND**

**I.    Procedural History**

On November 19, 2008, Plaintiff filed an application for supplemental security income alleging that she became disabled on January 1, 2008. (A.R. 142-149).[2] Her claim was denied initially on August 25, 2009 and upon reconsideration on December 15, 2009. (A.R. 89-94, 99-101). On March 15, 2011, Plaintiff and her representative appeared for a hearing before Administrative Law Judge ("ALJ") Barry H. Jenkins. (A.R. 32-54). On April 6, 2011, the ALJ issued an unfavorable decision finding that the Plaintiff has not been under a disability, as defined in the Social

---

[1] Refers to the Court's docket number.

[2] A.R. refers to the Administrative Record in this matter. *See* Notice of Manual Filing (#12).

1  Security Act, from November 19, 2008 through the date of the decision.  (A.R. 23-36).  The ALJ's

2  decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's

3  request for review on June 21, 2012. (A.R. 4-9).  On September 19, 2012, Plaintiff timely

4  commenced this action for judicial review pursuant to 42 U.S.C. § 405(g) after being granted an

5  extension of time by the Appeals Counsel.  *See* Motion/Application for Leave to Proceed *in forma*

6  *pauperis* (#1); *see also* A.R. 1.

7        **II.**    **The ALJ Decision**

8        The ALJ followed the five-step sequential evaluation process set forth at 20 C.F.R. §416.920

9  and issued an unfavorable decision on April 6, 2011 (A.R. 32-54).  At step one, the ALJ found that

10  Plaintiff has not engaged in substantial gainful activity since November 19, 2008, the alleged onset

11  date.  (A.R. 25, Finding 1).  At step two, the ALJ found that Plaintiff has the following severe

12  impairments: degenerative disc disease of the lumbar spine, hernia, and obesity; he also found non-

13  severe impairments of diabetes mellitus, chronic obstructive pulmonary disease ("COPD"), hepatitis

14  C, and depression.  (A.R. 25, Finding 2).  At step three, the ALJ found that Plaintiff does not have an

15  impairment or combination of impairments that meets or medically equals one of the listed

16  impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 including: 1.04, 3.02, 5.05, and 9.08.

17  (A.R. 27, Finding 3).  In doing so, the ALJ assigned B criteria limitations of no limitation in activities

18  of daily living, no limitation in social functioning, no limitation in concentration, persistence, and

19  pace, and no episodes of decompensation of extended duration.  (A.R. 27).

20        The ALJ found that Plaintiff has the residual functional capacity for a reduced range of

21  sedentary work including: lift and/or carry 10 pounds or less occasionally and frequently, stand and/or

22  walk for two hours in an 8-hour workday, sit for six hours in an 8-hour workday, never climb ladders,

23  ropes, or scaffolds, occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl,

24  must avoid concentrated exposure to moving or hazardous machinery and unprotected heights.  (A.R.

25  27-28, Finding 4).  He also found Plaintiff not credible to the extent her statements concerning the

26  intensity, persistence, and limiting effects of her symptoms are inconsistent with the assigned residual

27  functional capacity.  (A.R. 28).  At step four, the ALJ found Plaintiff unable to perform her past

28  relevant work as an assembler, cook, stock clerk, security guard, and housekeeper based on vocational

1  expert testimony.  (A.R. 31, Finding 5).  At step five, the ALJ found that jobs exist in significant

2  numbers in the national economy that Plaintiff can perform based on her age, education, work

3  experience, and residual functional capacity.  (A.R. 31, Finding 9).  In doing so, the ALJ defined

4  Plaintiff as a younger individual age 18-44 on the date the application was filed, with at least a high

5  school education, able to communicate in English, and found transferable skills not material to the

6  determination of disability.  (A.R. 31, Findings 6-8).  The ALJ considered Medical-Vocational Rule

7  201.28, which provides a framework for finding Plaintiff not disabled, along with vocational expert

8  testimony that an individual with the same residual functional capacity and vocational factors could

9  perform work as a receptionist and bookkeeping. (A.R. 32).  Based on all of these findings, the ALJ

10  found Plaintiff not disabled since November 19, 2008 and denied her application for supplemental

11  security income.

## DISCUSSION

### I.    Judicial Standard of Review

14        The court reviews administrative decisions in social security disability benefits cases under 42

15  U.S.C. § 405(g).  *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).  Section 405(g) states,

16  "Any individual, after any final decision of the Commissioner of Social Security made after a hearing

17  to which he was a party, irrespective of the amount in controversy, may obtain a review of such

18  decision by a civil action . . . brought in the district court of the United States for the judicial district

19  in which the plaintiff resides."  42 U.S.C. § 405(g).  The court may enter, "upon the pleadings and

20  transcripts of the record, a judgment affirming, modifying, or reversing the decision of the

21  Commissioner of Social Security, with or without remanding the case for a rehearing."  *Id.*  The Ninth

22  Circuit reviews a decision of a District Court affirming, modifying or reversing a decision of the

23  Commissioner *de novo*.  *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

24        The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42

25  U.S.C. § 405(g); see also *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005).  However, the

26  Commissioner's findings may be set aside if they are based on legal error or not supported by

27  substantial evidence.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *see*

28  *also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  The Ninth Circuit defines substantial

1   evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as

2   a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d

3   1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005).  In

4   determining whether the Commissioner's findings are supported by substantial evidence, the court

5   "must review the administrative record as a whole, weighing both the evidence that supports and the

6   evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720

7   (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

8          Under the substantial evidence test, the Commissioner's findings must be upheld if supported

9   by inferences reasonably drawn from the record.  *Batson,* 359 F.3d at 1193.  When the evidence will

10  support more than one rational interpretation, the court must defer to the Commissioner's

11  interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see also Flaten v. Sec'y of*

12  *Health and Human Serv.,* 44 F.3d 1453, 1457 (9th Cir. 1995).  Consequently, the issue before the

13  court is not whether the Commissioner could reasonably have reached a different conclusion, but

14  whether the final decision is supported by substantial evidence.

15         It is incumbent on the ALJ to make specific findings so that the court does not speculate as to

16  the basis of the findings when determining if the Commissioner's decision is supported by substantial

17  evidence.  Mere cursory findings of fact without explicit statements as to what portions of the

18  evidence were accepted or rejected are insufficient.  *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir.

19  1981).  The ALJ's findings "should be as comprehensive and analytical as feasible, and where

20  appropriate, should include a statement of subordinate factual foundations on which the ultimate

21  factual conclusions are based."  *Id.*

22         **II.       Disability Evaluation Process**

23         The individual seeking disability benefits has the initial burden of proving disability.  *Roberts*

24  *v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995), *cert. denied*, 517 U.S. 1122 (1996).  To meet this burden,

25  the individual must demonstrate the "inability to engage in any substantial gainful activity by reason

26  of any medically determinable physical or mental impairment which can be expected . . . to last for a

27  continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  More specifically, the

28  individual must provide "specific medical evidence" in support of her claim for disability.  20 C.F.R.

4

1  § 416.914.  If the individual establishes an inability to perform her prior work, then the burden shifts

2  to the Commissioner to show that the individual can perform other substantial gainful work that

3  exists in the national economy.  *Batson*, 157 F.3d at 721.

4      The ALJ follows a five-step sequential evaluation process in determining whether an

5  individual is disabled.  *See* 20 C.F.R. § 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140

6  (1987).  If at any step the ALJ determines that he can make a finding of disability or nondisability,

7  then a determination will be made and no further evaluation is required.  *See* 20 C.F.R. §

8  416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).  The first step requires the ALJ

9  to determine whether the individual is currently engaged in substantial gainful activity ("SGA").  20

10  C.F.R. § 416.920(b).  SGA is defined as work activity that is both substantial and gainful; it involves

11  doing significant physical or mental activities usually for pay or profit.  20 C.F.R. § 416.972(a)-(b).  If

12  the individual is currently engaging in SGA, then a finding of not disabled is made.  If the individual

13  is not engaging in SGA, then the analysis proceeds to the second step.

14      The second step addresses whether the individual has a medically determinable impairment

15  that is severe or a combination of impairments that significantly limits a claimant from performing

16  basic work activities.  20 C.F.R. § 416.920(c).  An impairment or combination of impairments is not

17  severe when medical and other evidence establishes only a slight abnormality or a combination of

18  slight abnormalities that would have no more than a minimal effect on the individual's ability to

19  work.  20 C.F.R. § 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[3]  If the

20  individual does not have a severe medically determinable impairment or combination of impairments,

21  then a finding of not disabled is made.  If the individual has a severe medically determinable

22  impairment or combination of impairments, then the analysis proceeds to the third step.

23      The third step requires the ALJ to determine whether the individual's impairments or

24  combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R.

25  Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.  If the individual's

26

27      [3] SSR constitute SSA's official interpretations of the statute it administers and its regulations.
*See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. §
28  402.35(b)(1).  They are entitled to some deference as long as they are consistent with the Social Security
Act and regulations.  *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

1   impairment or combination of impairments meet or equal the criteria of a listing and meet the

2   duration requirement (20 C.F.R. § 416.909), then a finding of disabled is made.  20 C.F.R. §

3   416.920(h).  If the individual's impairment or combination of impairments does not meet or equal the

4   criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

5        Before considering step four of the sequential evaluation process, the ALJ must first

6   determine the individual's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is

7   a function-by-function assessment of the individual's ability to do physical and mental work-related

8   activities on a sustained basis despite limitations from impairments.  *See* SSR 96-8p.  In making this

9   finding, the ALJ must consider all the relevant evidence such as all the symptoms and the extent to

10  which the symptoms can reasonably be accepted as consistent with the objective medical evidence

11  and other evidence.  20 C.F.R. § 416.929; SSRs 96-4p and 96-7p.  To the extent that statements about

12  the intensity, persistence, or functionally limiting effects of pain or other symptoms are not

13  substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the

14  individual's statements based on a consideration of the entire case record.  The ALJ must also

15  consider opinion evidence in accordance with the requirements of 20 C.F.R. § 416.927 and SSRs 96-

16  2p, 96-5p, 96-6p, and 06-3p.

17       The fourth step requires the ALJ to determine whether the individual has the RFC to perform

18  her past relevant work ("PRW").  20 C.F.R. § 416.920(f).  PRW means work performed either as the

19  individual actually performed it or as it is generally performed in the national economy within the last

20  15 years or 15 years prior to the date that disability must be established.  In addition, the work must

21  have lasted long enough for the individual to learn the job and performed as SGA.  20 C.F.R. §§

22  416.960(b) and 416.965.  If the individual has the RFC to perform her past work, then a finding of not

23  disabled is made.  If the individual is unable to perform any PRW or does not have any PRW, then

24  the analysis proceeds to the fifth and last step.

25       The fifth and final step requires the ALJ to determine whether the individual is able to do any

26  other work considering her residual functional capacity, age, education, and work experience.  20

27  C.F.R. § 416.920(g).  If the claimant is able to do other work, then a finding of not disabled is made.

28  Although the individual generally continues to have the burden of proving disability at this step, a

6

1    limited burden of going forward with the evidence shifts to the Commissioner.  The Commissioner is

2    responsible for providing evidence that demonstrates that other work exists in significant numbers in

3    the national economy that the individual can do.  *Yuckert*, 482 U.S. at 141-42.

4        **III.    Analysis and Findings**

5        Plaintiff seeks reversal or remand of the ALJ's decision because he failed to properly assess

6    Plaintiff's RFC.  Specifically, Plaintiff claims that the ALJ failed to set forth specific and legitimate

7    reasons for rejecting the on portion of the opinion by treating physician David Lanzkowsky, M.D.

8    ("Dr. Lanzkowsky") that recommends no prolonged standing and sitting.  She argues that the ALJ's

9    should have given full weight to this part of Dr. Lanzkowsky's opinion, which would result in a a

10   conclusion that she is disabled.  Plaintiff also contends that the ALJ's failure to set forth any rationale

11   for rejecting Dr. Lanzkowsky's opinion that Plaintiff is unable to engage in prolonged sitting and

12   standing constitutes legal error warranting remand or reversal.  She highlights vocational expert

13   testimony that a RFC limitation preventing prolonged sitting and standing would result in no work at

14   step five.

15       In response, the Commissioner contends that the objective medical evidence supports the

16   reduced sedentary RFC.  For example, the Commissioner highlights treatment records for Plaintiff's

17   hernia that indicate routine follow-up visits after undergoing repairs in April and May of 2010.  The

18   Commissioner also reviews objective medical evidence for Plaintiff's degenerative disc disease that

19   reveal normal range of motion, some abnormalities, and no need for physical therapy.  The

20   Commissioner further argues that Plaintiff was advised to stop smoking and lose weight, but that she

21   did not comply, and she experienced relief for physical symptoms with medication and did not

22   indicate any side effects.  Finally, the Commissioner alleges that the ALJ's opinion evidence

23   assessment is supported by substantial evidence.  The Commissioner contends that the ALJ's

24   explanation for not giving full weight to Dr. Lanzkowky's opinion is supported by the lack of

25   supporting medical evidence of record and other conflicting opinions.

26       The Court finds that the ALJ's RFC finding is supported by substantial evidence.  Plaintiff's

27   only argument for why the RFC is not supported is the fact that her treating physician, Dr.

28   Lanzkowsky, opined that she could not engage in prolonged standing or sitting in July and August of

1   2010. (A.R. 857, 861, 864). She claims that this is a legal error warranting remand because the ALJ

2   did not specify why he gave only some weight, rather than controlling weight, to that one limitation in

3   Dr. Lanzkowsky's opinion. However, the Court finds that the ALJ reasonably declined to fully credit

4   that portion of Dr. Lankowsky's opinion because it was inadequately supported by the objective

5   medical evidence and conflicts with other opinion evidence. *See Batson*, 359 F.3d at 1195; *see also*

6   SSR 96-5p and 96-2p. When presented with conflicting medical opinions, the ALJ must resolve the

7   conflict and give greater weight to the opinion of a treating physician unless he provides specific,

8   legitimate reasons based on substantial evidence in the record. *Id*. Additionally, an ALJ may

9   discredit a treating physician's opinion that is conclusory, brief, and unsupported by the record as a

10  whole. *Id*.

11          Here, the ALJ provided sufficient reasons to find Dr. Lanzkowsky's opinion to be

12  inadequately supported by the record as a whole and therefore, afforded only some weight. The ALJ

13  noted that throughout Plaintiff's treatment with Dr. Lanzkowsky, she reported 70% relief with her

14  current medications and the ability to perform activities of daily living. (A.R. 29). As a result, the

15  ALJ found Plaintiff's allegations of pain to be inconsistent. The ALJ also noted that Dr. Lanzkowsky

16  recommended that Plaintiff lose weight, but she failed to follow-up on that recommendation. (A.R.

17  29). Accordingly, the ALJ took into account Plaintiff's failure to comply with medical

18  recommendations. Further, the ALJ highlighted objective medical findings from Dr. Lanzkowsky's

19  notes that do not support finding claimant's degenerative disc disease to be a disabling level

20  impairment; for example, the ALJ cited a treatment note that Dr. Lanzkowsky found Plaintiff had

21  only a mildly antalgic gait. (A.R. 856). Significantly, the ALJ provided a thorough review of

22  relevant laboratory findings that revealed only mild abnormalities with no disc herniation or stenosis,

23  normal range of motion, normal sensation, normal strength, and normal stance, no neuropathy, and

24  only mild degenerative changes. (A.R. 29). Also, Dr. Lanzkowsky's recommendation for no

25  prolonged sitting and standing was given prior to Plaintiff receiving steroid injections on September

26  2, 2010 that provided significant relief with respect to her reported pain. (A.R. 29). The ALJ noted

27  that Plaintiff provided inconsistent statements regarding her symptoms and limitations, including to

28  Dr. Lanzkowsky. (A.R. 30). Therefore, Plaintiff is not correct that the ALJ provided no reasons for

failing to give controlling weight to the part of Dr. Lanzkowsky's opinion that recommended no prolonged sitting or standing. The ALJ considered this limitation, but found it was entitled to some weight because it conflicted with laboratory findings, lacked support in Dr. Lanzkowky's treatment notes, and Plaintiff provided inconsistent reports of symptoms and pain.

In addition, the ALJ also considered conflicting opinion evidence. For example, the ALJ gave some weight to a less restrictive opinion of state agency consultant Joseph Toth, M.D., who considered Dr. Lanzkowsky's opinion, but opined that Plaintiff was capable of standing and walking six hours a day and sitting six hours a day. The ALJ noted that he credited some of Plaintiff's subjective complaints to find her capable of standing and walking for only two hours rather than six hours as opined by Dr. Toth. (A.R. 30). The Court notes that Plaintiff failed to cite any objective medical evidence that supports Dr. Lanzkowsky's limitation to no prolonged sitting or standing. Accordingly, it appears to have been based on Plaintiff's self-report of symptoms and subjective pain. Therefore, the Court finds that the ALJ provided specific and legitimate reasons for not finding Dr. Lanzkowsky's entire opinion warranted controlling weight. Further, the ALJ properly relied on less restrictive opinion evidence to assess Plaintiff with a reduced sedentary RFC. Additionally, the vocational expert cited jobs available at step five based on the assigned RFC. Therefore, the ALJ's RFC finding and conclusion that Plaintiff is not disabled is supported by substantial evidence.

## IV.    Conclusion

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence and articulates reasons for the findings that satisfy the requisite legal standards.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Reversal or Remand (#15) be **denied**.

1

2

**IT IS FURTHER RECOMMENDED** that Defendant's Cross-Motion to Affirm (#17) be **granted**.

3

<u>NOTICE</u>

4

5

6

7

8

9

10

11

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

12

Dated this 11th day of April, 2014.

13

14

15

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

16

17

18

19

20

21

22

23

24

25

26

27

28

10